1  MICHAEL R. WILLIAMS, (SBN 192222)
   mwilliams@bmkattorneys.com
2  BIENERT, MILLER & KATZMAN, PLC
   903 Calle Amanecer, Suite 350
3  San Clemente, California 92673
   Telephone:(949) 369-3700
4  Facsimile:   (949) 369-3701

5  Attorneys for Plaintiff Karen Knighton

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -SOUTHERN DIVISION

| KAREN KNIGHTON, | CASE NO. |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; BRYAN CAVE LLP LONG TERM DISABILITY PLAN, | |
| Defendants. | |

COMPLAINT

Plaintiff Karen Knighton ("Knighton"), an individual, hereby alleges the following against defendants The Prudential Insurance Company of America (""Prudential") and the Bryan Cave LLP Long Term Disability Plan (the "Plan"):

## PRELIMINARY ALLEGATIONS

1. Knighton was at all relevant times a resident in the County of Orange, State of California.

2. Knighton is informed and believes that defendant Plan is an employee welfare benefit plan regulated by ERISA, under which Knighton is and was a participant, and pursuant to which Knighton is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the Plan, Knighton is entitled to LTD benefits for the duration of her disability, for so long as Knighton remains disabled as required under the terms of the Plan. The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

3. Knighton is informed and believes that defendant Prudential is a corporation with its principal place of business in the State of New Jersey, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Prudential is the insurer of benefits under the Plan, with delegated authority to make benefit determinations. Prudential made such benefit determinations with a conflict of interest, and the bias this created affected the claims determination here.

4. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA") as it involves a claim by Knighton for employee benefits under an employee benefit plan regulated and governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits and under the terms of an employee benefit plan, and to clarify and/or obtain a declaration of rights to clarify and enforce Knighton's past, present, and future rights to benefits under the employee benefit plans named as Defendants.

5. Venue is appropriate in this District for Plaintiff's claims under 28 U.S.C. section 1391 and 29 U.S.C. section 1132(e)(2) because this is a District in which Plaintiff resides, Defendants' improper conduct that is the subject of this lawsuit occurred, and Defendants are authorized to do business, either directly or through wholly-owned and controlled subsidiaries.

## FIRST CAUSE OF ACTION

**(Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Postjudgment Interest, and Attorneys' Fees and Costs –Against All Defendants)**

6. Knighton incorporates by reference paragraphs 1 through 5 above as though fully set forth herein.

7. At all times relevant, Knighton was a covered participant under the terms and conditions of the Plan. While Knighton was covered under the Plan, she suffered a disability rendering her disabled as defined under the terms of the Plan.

8. Knighton was unable to work due to disability beginning on August 27, 2012. Knighton timely applied for benefits under the Plan. Despite overwhelming evidence to the contrary, Prudential wrongfully denied benefits, asserting incorrectly that Knighton was not disabled as defined in the Plan. Among other things, Prudential utilized a patently inaccurate description of Knighton's regular occupation that ignored the physical and cognitive demands of that occupation, ignored relevant medical evidence supporting Knighton's claim, and failed to conduct a fair and adequate investigation into Knighton's claim.

9. Defendants Prudential and Plan breached the Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefit payments to Knighton at a time when Prudential and the Plan knew, or should have known, that Knighton was entitled to those benefits under the terms of the Plan, as Knighton was disabled and therefore entitled to benefits. Even though the Plan and Prudential had such knowledge, Prudential denied Knighton's LTD benefits;

   b. Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Knighton's claim for LTD benefits;

   c. After Knighton's claim was denied in whole or in part, Prudential failed to adequately describe to Knighton any additional material or information necessary for Knighton to perfect her claim along with an explanation of why such material is or was necessary;

   d. Failing to properly and adequately investigate the merits of Knighton's disability claim and failing to provide a full and fair review of Knighton's claim.

 10. Knighton is informed and believes and thereon alleges that Defendants wrongfully terminated her disability benefits under the Plan by other acts or omissions of which Knighton is presently unaware, but which may be discovered in this future litigation and of which Knighton will immediately make Defendants aware once Knighton discovers said acts or omissions.

 11. Knighton has exhausted all administrative remedies required under ERISA. Knighton has performed all duties and obligations on her part to be performed under the Plan.

 12. As a proximate result of the aforementioned wrongful conduct of Prudential and the plan, Knighton has damages for her loss of disability benefits in a total sum to be shown.

 13. As a further direct and proximate result of this improper determination regarding Knighton's LTD claim, Knighton, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Knighton is entitled to have such fees and costs paid by Defendants.

 14. The wrongful conduct of Prudential and the Plan has created uncertainty where none should exist. Therefore, Knighton is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits, under the terms of the Plan.

THEREFORE, Knighton prays for relief against Defendants as follows:

1. Payment of disability benefits due Knighton;
2. Enforcement of Knighton's rights under the terms of the Plan;
3. Clarification of Knighton's rights to future benefits;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. For payment of pre-judgment and post-judgment interest as allowed for under ERISA; and
6. For such other and further relief as this Court deems just and proper.

DATED: January 27, 2016          BIENERT, MILLER & KATZMAN, PLC


By */s/ Michael R. Williams /s/*
   Michael R. Williams
   Attorneys for Plaintiff Karen Knighton

3487-1