# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN KNIGHTON,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; BRYAN CAVE LLP LONG TERM DISABILITY PLAN,<br><br>    Defendants. | Case No. 8:16-cv-00134-JLS (JCGx)<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

Plaintiff has requested production of certain documents from Prudential. Prudential anticipates producing certain confidential documents or information in response to Plaintiff's request. As evidenced by the signatures of their respective counsel below, Karen Knighton ("Plaintiff"), and The Prudential Insurance Company of America ("Prudential"), collectively "the Parties" herein, hereby stipulate to the terms of this Stipulated Protective Order And Confidentiality Agreement (the "Order") to provide for the protection of documents and information which contains confidential and/or proprietary information of that Party and/or any of her/its agents, employees, partners, parent or subsidiary entities, or other related entities, or of customers or other third parties with whom that Party does business (the "Protected Persons"). The Parties stipulate to this Order in order to provide for the discovery of

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

152037.1

1

Case No. 8:16-cv-00134-JLS (JCGx)
ORDER GRANTING STIPULATED PROTECTIVE ORDER
AND CONFIDENTIALITY AGREEMENT

certain alleged Confidential Information of the Protected Persons, as defined below, and to provide for the use of such Information solely in connection with Plaintiff's claim for disability benefits under the terms of the Bryan Cave LLP Long Term Disability Plan (the "Plan"), including Group Contract No. G-45061-MO. Therefore, it is hereby stipulated and agreed as follows:

1. "Confidential Information" shall mean and include trade secrets, confidential, proprietary, and/or financial information of the Protected Persons, the disclosure of which may cause competitive harm to the producing Party. With respect to documents which Prudential contends contains Confidential Information, such documents must be specifically designated as "Confidential" at the time such documents are produced or within ten (10) days thereafter in order to be treated as "Confidential Information." In particular, each document containing Confidential Information must either be plainly stamped with the term "Confidential" or be designated as "Confidential" in a writing sent within ten (10) days of production in order to be protected under the terms of this Agreement. Documents may be designated as Confidential more than ten (10) days after production if the producing party can demonstrate that the document was produced inadvertently. For testimony given in depositions, if any, the designating party shall identify on the record, before the close of the deposition, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the designating party may invoke on the record (before the deposition is concluded) a right to have up to 20 days after receipt of transcripts from the court reporter to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

2. Confidential Information shall be used solely in connection with Plaintiff's claim for benefits from the Plan she has made in the captioned litigation,

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

152037.1

2

Case No.  8:16-cv-00134-JLS (JCGx)
ORDER GRANTING STIPULATED PROTECTIVE ORDER
AND CONFIDENTIALITY AGREEMENT

and shall not be used or disclosed for any other purpose unless authorized by Prudential, or by order of the Court. Confidential Information shall be treated as confidential by the receiving Party, and her/its attorneys and other representatives, and will not be disclosed to anyone except as provided herein. Confidential Information produced may be disclosed only to the receiving Party, her/its attorneys, and supporting personnel employed by such attorneys.

3.  If a document containing Confidential Information is filed with the Court in the captioned litigation, it will be filed under seal, but otherwise may be disclosed only to the receiving Party, her/its attorneys and supporting personnel employed by such attorneys.  A party seeking to file Confidential Information under seal must comply with Local Rule 79-5.  Confidential Information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Information at issue.  If the Court does not allow the Confidential Information to be filed under seal, the Party seeking to file the document will redact it of Confidential Information, if possible, or otherwise will not file the document with the Court.

4.  All copies of Confidential Information authorized to be reproduced under this Agreement will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions hereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

5.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq.*  The burden of persuasion in any such challenge proceeding shall be on the party who designated the documents or information at issue as Confidential.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

152037.1

3

Case No.  8:16-cv-00134-JLS (JCGx)
ORDER GRANTING STIPULATED PROTECTIVE ORDER
AND CONFIDENTIALITY AGREEMENT

unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designation until the Court rules on the challenge.

6. Within thirty (30) days of the termination of this litigation, including any appeals, all originals and reproductions of any documents designated as Confidential Information under the Agreement by the Protected Persons shall be returned to the Protected Persons or destroyed in a manner designed to preserve confidentiality. If a Party elects to destroy any such documents or materials that are designated as Confidential Information, the Party shall send a written acknowledgment to the producing Party to notify the producing Party of the destruction.

7. In the event a Party inadvertently produces a document protected by the attorney client privilege or work product doctrine, such production shall not itself constitute a waiver of any applicable privilege. Instead, upon written request, the receiving Party shall return to the producing Party any inadvertently produced document with respect to which the producing Party asserts a claim of privilege. The Party will then provide a privilege log for any documents withheld pursuant to a claim of privilege.

///
///
///
///
///
///
///
///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

152037.1

4

Case No. 8:16-cv-00134-JLS (JCGx)
ORDER GRANTING STIPULATED PROTECTIVE ORDER
AND CONFIDENTIALITY AGREEMENT

8. This Agreement shall serve as a stipulation and agreement between the Parties, and shall be effective immediately as to each respective Party upon signature by counsel for such Party.

IT IS SO STIPULATED.

Dated: September 13, 2016

BIENERTM MILLER & KATZMAN, PLC
Michael Williams
Nancy Sandoval

By: //s/ Nancy Sandoval
Nancy Sandoval
Attorneys for Plaintiff
KAREN KNIGHTON

Dated: September 14, 2016

MESERVE, MUMPER & HUGHES LLP
Linda M. Lawson
Jason A. James

By: //s/ Jason A. James
Jason A. James
Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

BASED UPON THE STIPULATION OF THE PARTIES, IT IS SO ORDERED.

Dated: Sept. 15, 2016

Hon. Jay C. Gandhi
United States Magistrate Judge

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

152037.1

5

Case No. 8:16-cv-00134-JLS (JCGx)
ORDER GRANTING STIPULATED PROTECTIVE ORDER
AND CONFIDENTIALITY AGREEMENT